UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARITY L. PHILLIPS,

    Plaintiff,

v.                                                    Case No: 8:22-cv-1833-CEH-JSS

FEDERAL BUREAU OF
INVESTIGATION,

    Defendant.
_____/

## ORDER

Plaintiff seeks an entry of a clerk's default as to the Federal Bureau of Investigation (FBI). (Motion, Dkt. 13.) Upon consideration and for the reasons set forth below, the Motion is denied without prejudice.

## BACKGROUND

On August 11, 2022, Plaintiff, proceeding pro se, filed suit against the FBI and requested to proceed *in forma pauperis*. (Dkts. 1, 2.) On September 12, 2022, the Clerk issued a summons to be served on the FBI. (Dkt. 10.) On December 2, 2022, the undersigned directed the United States Marshal Service to serve the FBI in accordance with Federal Rule of Civil Procedure 4(i). (Dkt. 11 at 1.) Notwithstanding, on December 6, 2022, Plaintiff filed a proof of service with an affidavit averring that the FBI was served via certified mail on September 23, 2022. (Dkt. 12.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). It is the plaintiff's burden to establish effective service of process. *Onpower, Inc. v. United Power Line Contractors, LLC*, No. 2:15-cv-796-FtM-99MRM, 2016 WL 9049315, at *1 (M.D. Fla. Mar. 14, 2016). "Generally, where service of process is insufficient, a district court lacks personal jurisdiction over a defendant and, therefore, has no power to render judgment over that defendant." *Kelly v. Florida*, 233 F. App'x 883, 884 (11th Cir. 2007).

## ANALYSIS

Plaintiff seeks entry of a clerk's default as to the Federal Bureau of Investigation. (Dkt. 13.) However, as explained below, Plaintiff has failed to establish proper service. Accordingly, Plaintiff's Motion (Dkt. 13) is denied without prejudice.

Plaintiff has not perfected service of process upon the FBI. To perfect service upon the FBI, Plaintiff is required to deliver a copy of the summons and the complaint by registered or certified mail to the FBI, *and* send a copy of each to 1) the civil-process clerk at the United States Attorney's Office for the Middle District of Florida and 2) the Attorney General of the United States. *See* Fed. R. Civ. P. 4(i)(2). The record demonstrates only that the FBI "was served process by certified mail." (Dkt. 12.) This delivery, standing alone, does not comply with Rule 4(i)(2) and is therefore insufficient to effect service on the FBI.

Notwithstanding Plaintiff's attempt to serve process, the United States Marshal has been directed to serve the FBI in accordance with Federal Rule of Civil Procedure 4(i). *See* (Dkt. 11 at 1.) As such, Plaintiff is not required to personally effectuate service of the summons and complaint. *See* Fed. R. Civ. P. 4(c)(3).

Accordingly, Plaintiff's Motion for Default (Dkt. 13) is **DENIED without prejudice**.

**ORDERED** in Tampa, Florida, on December 8, 2022.

*[signature]*
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party