UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARITY L. PHILLIPS,

      Plaintiff,

v.                                    Case No: 8:22-cv-1833-CEH-JSS

FEDERAL BUREAU OF
INVESTIGATION,

      Defendant.

_____/

## **ORDER**

Defendant Federal Bureau of Investigation (FBI) moves to set aside a clerk's default. (Motion, Dkt. 19.)  Plaintiff has failed to file a response and her time for doing so has elapsed.  Upon consideration, the Motion is granted.

### **BACKGROUND**

On August 11, 2022, Plaintiff, proceeding pro se, filed suit against the FBI and requested to proceed *in forma pauperis*. (Dkts. 1, 2.)  Plaintiff was granted *pauperis* status on August 16, 2022.  (Dkt. 6.)  On December 2, 2022, the undersigned directed the U.S. Marshals Service to serve the FBI in accordance with Federal Rule of Civil Procedure 4(i).  (Dkt. 11 at 1.)  On January 30, 2023, the U.S. Marshals Service filed two returns of service (USM-285 forms), which reflect the summons and complaint

being served, via certified mail, on the active United States attorney and the FBI.  (Dkt. 16.)

Plaintiff moved for entry of clerk's default against the FBI.  (Dkt. 17.)  On May 8, 2023, the Clerk entered default against the FBI.  (Dkt. 18.)  The FBI now moves to set aside the clerk's default, contending that service was not properly effectuated.  (*Id.*)

## APPLICABLE STANDARDS

When a party against whom relief is sought fails to plead or otherwise defend the claim, the clerk of the court must enter the party's default.  Fed. R. Civ. P. 55(a).  After a party's default has been entered, but before the entry of default judgment, the district court may exercise its discretion to set aside the default for "good cause."  Fed. R. Civ. P. 55(c); *see Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988) (stating that Rule 55(c) applies when a judgment has not been entered and provides the court discretion to set aside the entry of default).  "Good cause" under Rule 55(c) is a liberal standard.  *Sherrard v. Macy's Sys. and Tech., Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018) (quotation and citation omitted); *see also Jones*, 858 F.2d at 668–69 (affirming district court that concluded party made "a bare minimum showing" to justify relief under Rule 55(c)).

## ANALYSIS

In moving to set aside the clerk's default, the FBI argues that good cause exists because service of process has not properly been effectuated upon the United States.  (Dkt. 19.)  Specifically, the FBI argues that while the USM-285 form addressed to the

FBI appears valid, the form addressed to the United States attorney is not valid since it was sent via certified mail, which requires the USM-285 form to be addressed to the civil-process clerk.  (*Id.* at 3).  Moreover, the FBI argues that there is no evidence that a summons and copy of the complaint was served on the U.S. Attorney General.  (Dkt. 19 at 4.)  For the reasons set forth below, the FBI's contentions have merit.

Service of a complaint in federal court is governed by Rule 4 of the Federal Rules of Civil Procedure.  To properly serve a United States agency, such as the FBI, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency."  Fed. R. Civ. P. 4(i)(2).  In addition to serving the United States agency, "a plaintiff must deliver a copy of the summons and complaint to the United States Attorney for the district in which the action is brought, or must send copies of each by registered or certified mail, addressed to the civil process clerk at the office of the United States Attorney and send a copy of the summons and complaint to the Attorney General of the United States by registered or certified mail."  *See Sun v. United States*, 151 F. App'x 860, 862 (11th Cir. 2005); Fed. R. Civ. P. 4(i)(1)(A)–(B).

As an initial matter, it is undisputed that the U.S. Marshals delivered a copy of the summons and complaint to the FBI.  However, as noted above, to properly serve the FBI, Plaintiff must also serve the United States in the manner prescribed by Rule 4(i)(1).  *See* Fed. R. Civ. P. 4(i)(2).  The USM-285 form reflects that service was attempted on the United States attorney via certified mail.  (Dkt. 16 at 1.)

Notwithstanding, the form was not addressed to the civil-process clerk as required by Rule 4(i)(1)(A)(ii).  Moreover, the docket does not reflect that a copy of the summons and complaint were sent by registered or certified mail to the Attorney General of the United States at Washington, D.C. as required by Rule 4(i)(1)(B).  Thus, the court finds that service of a summons and complaint, as set forth in Rule 4(i), has yet to be properly effectuated.  Therefore, good cause exists to set aside the clerk's default as the requirements of service of process have not been satisfied.  *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014) ("While the [Rule 55(c) good cause] standard must be construed to have substance, we have nonetheless described it as a 'liberal one.'") (citing *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)).  As such, and because of the strong preference that cases be heard on the merits and that litigants be afforded their day in court, *Perez*, 774 F.3d at 1342 (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005)), the court will set aside the clerk's default.

Accordingly:

1. Defendant's Motion to Set Aside Clerk's Default (Dkt. 19) is **GRANTED**.

2. The Clerk's Entry of Default (Dkt. 18) is **SET ASIDE**.

3. The Clerk of Court is directed to provide completed service forms to the U.S. Marshals Service for service on the United States pursuant to Federal Rule of Civil Procedure 4(i)(1).

- 4 -

4.  The U.S. Marshals Service is directed to serve the United States in accordance with Federal Rule of Civil Procedure 4(i)(1).

**ORDERED** in Tampa, Florida, on June 6, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party